UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARILU C. SHIEH,

    Plaintiff,

    v.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., et al.,

    Defendants.
_____/

No. C 11-0106 PJH

**ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER**

    The court is in receipt of plaintiffs' motion for temporary restraining order filed on January 10, 2011.  Having read plaintiff's papers and carefully considered the arguments therein, the court hereby DENIES plaintiffs' motion for temporary restraining order.

    Preliminarily, it is unclear from the papers whether plaintiffs' request for a temporary restraining order proceeds on an ex parte basis.  While there is no proof of service of the summons and complaint on file, and no defendant has entered an appearance, the substance of plaintiff's request does not specifically state whether relief is sought ex parte. Even assuming plaintiffs proceed on an ex parte basis, plaintiffs' initial request is devoid of any declaration that complies with the requirements of Federal Rule of Civil Procedure ("FRCP") 65 – a necessary prerequisite before a temporary restraining order may be issued on an ex parte basis.  See Fed. R. Civ. P. 65(b) (plaintiff must file an affidavit or verified complaint that sets forth "specific facts . . . clearly show[ing] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and furthermore, a written certification by the plaintiff's attorney of the "efforts made to give service and the reasons why it should not be required").  Plaintiff has duly filed a supporting declaration averring that on December 30, 2010, she "will send" notice to

defendants of her actions in filing the instant request, and further, that she has served all parties through their agents of service and filed proofs of service accordingly. However, such statements do not appear to be well-supported. First, plaintiff's promise to provide notice to defendants of the instant motion in the future is not actually proven by any document demonstrating that such service in fact occurred. To the extent plaintiff relies on Exhibit A to her declaration as proof that such notice was provided via correspondence with defendants, the attached exhibit bears no date, no address for any defendant to whom notice was purportedly sent, and no proof (via proof of service or postal service mailing receipt) that such correspondence was ever sent. Second, notwithstanding plaintiff's declaration that she has served "all parties through their agents of service" and filed proofs of service accordingly, the docket in this action does not register the filing of any such proof of service.

Accordingly, plaintiffs' ex parte request for a temporary restraining order, having failed to satisfy the requisite procedural requirements pursuant to FRCP 65, must be denied.

The court furthermore notes that denial of plaintiff's request is also warranted because, even assuming that plaintiff had satisfied the procedural requirements for issuance of a temporary restraining order on an ex parte basis, plaintiff has nonetheless failed to establish that there is any irreparable harm requiring issuance of a temporary restraining order, or that she is likely to succeed on the merits of any of her underlying claims, as required under Winter v. Natural Res. Defense Council, Inc., 129 S. Ct. 365, 374 (2008); Alliance for the Wild Rockies v. Cottrell, --- F.3d ----, 2010 WL 3665149 (9th Cir. Sept. 22, 2010). As a preliminary matter, plaintiff has relied on the incorrect standard for the grant of a temporary restraining order and preliminary injunction, since plaintiff relies on Ninth Circuit authority that predates the Supreme Court's recent Winter decision and the Ninth Circuit's Alliance for the Wild Rockies decision. While this alone dooms plaintiff's request, the request is also infirm for other reasons.

First, plaintiff's request fails to clearly demonstrate the existence of irreparable harm. Plaintiff's moving papers rather confusingly make reference to a "lock-out eviction proceeding" set to take place on January 5, 2011 that plaintiff seeks to enjoin, as well as the fact that defendants have already prevailed at an "unlawful detainer proceeding" regarding the Property, and a "foreclosure sale" already conducted. See Mot. at 2:1-3; cf. Mot. at 4:1-8.  Thus, it is unclear whether plaintiff is seeking relief from a foreclosure sale, or from state unlawful detainer proceedings.  Furthermore, even assuming – based on the remaining content of plaintiff's motion papers – that she is seeking relief from a foreclosure sale, it is unclear that any timely relief may be granted, since plaintiff filed the instant motion on January 10 – five days *after* the "eviction proceeding" about which plaintiff complains purportedly took place.  At best, the lack of clarity revealed by the complaint prevents the court from concluding that the likelihood of irreparable harm has adequately been demonstrated.

Second, plaintiff has failed to adequately demonstrate likelihood of success on the merits of any claim pled in the complaint.  Plaintiff's request appears to argue that likelihood of success is satisfied because defendants "have never established proof that [they were] entitled to perform the non-judicial foreclosure under Cal. Civ. Proc. § 2924." See, e.g., Mot. at 5:14-17.  However, despite the fact that plaintiff's motion papers are focused almost entirely on defendants' failure to satisfy Cal. Code Civ. Proc. § 2924 – and to a lesser extent, section 2923.5 – neither one of these Civil Code provisions has been expressly pled in plaintiff's complaint.  Rather, plaintiff's complaint, in disjointed and confusing fashion, appears to plead what plaintiff labels as the following claims: violation of Article 1, section 8 of the federal constitution; Title 28 U.S.C. § 4 violations; violation of the Uniform Commercial Code and Emergency Bankruptcy Act of 1978; and violation of Regulation Z of the federal Truth in Lending Act.  None of these causes of action, however, to the extent reflective of a viable claim recognized under the law, is discussed in plaintiff's motion papers.  Thus, plaintiff has failed to adequately set forth a likelihood of success on the

3

merits of any claim in her complaint.

Because plaintiff's "ex parte" request for a temporary restraining order has failed to satisfy the procedural requirements of FRCP 65, or additionally meet the requisite substantive legal standard, plaintiff's request is accordingly hereby DENIED. If for any reason plaintiffs wish to proceed with a hearing on a motion for preliminary injunction, plaintiff may simply notice the motion on a 35 day briefing schedule. Plaintiff shall first serve the complaint and summons in addition to such motion, on each defendant.

**IT IS SO ORDERED.**

Dated: January 12, 2011

_____
PHYLLIS J. HAMILTON
United States District Judge