UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARILU SHIEH,

      Plaintiff(s),

      v.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC., et al.,

      Defendant(s).
_____/

No. C 11-0106 PJH

**ORDER OF DISMISSAL**

      On January 10, 2011 the complaint in this matter was filed and a summons was issued for the three defendants. Plaintiff appeared at the April 21, 2011 case management conference and was advised that she had only about 20 days left to serve the defendants. She requested additional time to find counsel to represent her and to serve the defendants. Plaintiff's request was granted and she was afforded 60 additional days to serve the defendants and to retain counsel. She was further ordered to appear in person or through counsel at the continued conference on June 23, 2011. Plaintiff did not appear as ordered on June 23, 2011, and no proof of service of any defendant had been filed.

      Accordingly, an ORDER TO SHOW CAUSE ("OSC") was issued, ordering plaintiff to show cause why her complaint should not be dismissed for failure to prosecute, pursuant to Rule 41(b) or for failure to serve pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. A hearing was scheduled for the OSC for July 7, 2011, and plaintiff was warned that if she failed to appear again or failed to show good cause for her last absence, or if no proof of service of the complaint was filed, the complaint would be dismissed. On July 7, 2011, plaintiff failed to appear at the hearing on the OSC, failed to submit any response in writing, and failed to file any proof of service of the complaint.

The court having considered the five factors set forth in *Malone v. United States Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987), and having determined that notwithstanding the public policy favoring the disposition of actions on their merits, the court's need to manage its docket and the public interest in the expeditious resolution of the litigation require dismissal of this action.  In view of plaintiff's lack of response to this court's prior order(s), and her failure to appear not once, but twice as ordered, the court finds there is no appropriate less drastic sanction.  Accordingly, this action is dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b) for plaintiff's failure to prosecute.  An additional ground for dismissal, though it would be without prejudice, is plaintiff's failure to serve any defendant with the summons and complaint as required by Fed. R. Civ. P. 4(m).

**IT IS SO ORDERED.**

Dated: July 8, 2011

_____
PHYLLIS J. HAMILTON
United States District Judge